In the Matter of the Claim of EVA WEINBERGER, Respondent, v. BELMONT ELECTRIC COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondents. — Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. By decision of December 9, 1947, from which no appeal was taken, the board found accidental causation of a coronary occlusion incurred on August 22, 1946. After a period of total disability decedent returned to work at lighter tasks. He had an award for reduced earnings for a period, after which, it is said, his earnings were at their preaccident level because of increases in the wage scale. On June 18, 1952 a nonschedule adjustment of $1,800 was approved. Decedent's sudden death on October 30, 1956, has been found due to the original accident. Appellants attack the finding of causation which was, however, supported by substantial medical evidence which the board was, of course, entitled to accept, to the exclusion of the opinion of an impartial specialist and the other evidence against causation. Appellants assert, further, that the award is properly the responsibility of the Special Fund for Reopened Cases, which, on its part, contends that on this record the lump sum settlement has not been exhausted. The fact that, following the lump sum settlement, decedent may have been paid wages at a rate no less than that of his preaccident earnings, does not, in and of itself, however, extend the period of the carrier's liability and thus relieve the Special Fund. (*Matter of Dumelle* v. *Town of Brookhaven,* 13 A D 2d 878.) Remittal is necessary, however, as on this record we are not able to ascertain the date to which the lump sum payment "would extend", as neither at the time of that settlement nor in the course of the present case did the board find or otherwise indicate the compensation rate "warranted by the employee's earning capacity" as of "the date the lump sum payment was approved". (Workmen's Compensation Law, § 25-a, subd. 7.) "The statute requires the board to spread the lump sum settlement *at the rate applicable to the disability found* at the time of the approval of the lump sum settlement by the Referee." (*Matter of Weyzk* v. *Town of Stafford,* 7 N Y 2d 121, 124; emphasis as in original.) Decision and award reversed, with

costs to appellants against the Workmen's Compensation Board and case remitted to the board for further proceedings. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.